## SCHOFIELD *v.* SIMPSON.

A direction to the jury to find a verdict "for such damages for the breach of the contract as you may find on the testimony he (the plaintiff) is entitled," is erroneous in leaving the facts and law to them without any instructions to guide them.

Error to the District Court of Philadelphia.

Opinion delivered February 16, 1874, by

GORDON, J. In the case of Gillmore *v.* Hunt, 16 P. F. S. 323, this court reversed the court below for an instruction very similar to that in the case in hand. Justice Williams, delivering the opinion of the court in that case says ; "This was leaving the jury to find such damages as they thought proper, without giving them any rule or standard for their guidance." The learned judge of the District Court says, in his charge to the jury: "If on the other hand you believe the defendant's story, your verdict should be for such damages for the breach of the contract as you may find on the testimony he (the plaintiff) is entitled to."

We hold this to be misdirection, inasmuch as the court, taking the contract and its breach for granted, left the jury to construe that contract from the facts given, and determine in what the breach consisted, and then settle the measure of damages after their own ideas, and according to such rule as they might adopt for the occasion. In every parol contract there are two sets of essential elements, facts and law. Giving the facts then, with the help of certain legal principles, we construe the contract, and determine its qualities. To find the former is the proper work of the jury, but the application of the latter is the duty of the court, and when the court throws that duty over upon a jury, it is not only an omis-

sion, but it is a misdirection, for it requires that of the jury which is not properly within its province. It is so also with reference to the damages; the court and jury have separate and distinct duties to perform. It was, therefore, erroneous for the court to permit the jury to adopt any set of rules that to them might seem proper to govern their finding. The result of this is apparent. According to the defendant's testimony, he was liable only for fifty dollars, unless Dickson, on demand, refused to pay his part of the expenses. This was the condition upon which his assumption was founded. There was, however, no evidence of any such demand and refusal, and yet the jury found a verdict for the plaintiff in the sum of one hundred and twenty-one dollars and twenty-five cents. Now upon the hypothesis that they adopted the defendant's testimony, and we are bound so to presume, the jury either found a contract not warranted by the testimony, or they gave vindictory damages. In either case they were wrong. As from the record this error appears to have originated through the inadvertance of the court below. We, therefore, reverse the judgment, and order a new *venire*.